# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

FILED by _____

UNITED STATES OF AMERICA

V.

APR 17 2000

**CRIMINAL COMPLAINT**

EMAD HASAN

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

CASE NUMBER: $00-4081-BSS$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From on or about April 4 through April 14, 2000, in Broward County, in the Southern District of Florida, defendant did

knowingly and willfully conspire and agree with others to commit offenses against the United States, that is, to knowingly exchange, transfer, and deliver false, forged, and counterfeit obligations of the United States, with the intent that these counterfeit obligations be passed, published and used as true and genuine, in violation of Title 18, United States Code, Section 473, all

in violation of Title __18__ United States Code, Section __371__

I further state that I am a(n) __Special Agent/U.S. Secret Service__ and that this complaint is based on the following
Official Title

facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof:   [x] Yes  [ ] No

_____
Signature of Complainant

Sworn to before me, and subscribed in my presence,

April 15, 2000                                at    Fort Lauderdale, Florida
Date                                               City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE                     _____
Name and Title of Judicial Officer                 Signature of Judicial Officer

## AFFIDAVIT

David T. McCain, after being duly sworn, deposes and says:

1. I am a Special Agent for the United States Secret Service ("USSS") and have been so employed since April 12, 1999. Prior to that, I served as a uniformed officer with the USSS from April 1997 through April 11, 1999. As a Special Agent, my duties include investigating crimes against the United States Treasury, including, among others, counterfeit, credit card fraud, and bank fraud crimes. I have received specialized training in this area. The following information is based upon my personal knowledge and that of my fellow agents. Since this affidavit is being submitted for the limited purpose of providing probable cause for a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the complaint.

2. On April 3, 2000, the USSS received information from a confidential source that Omar H. Mustafa was manufacturing and trafficking in counterfeit United States currency.

3. On April 4, 2000, the confidential source put an undercover USSS special agent in contact with Mustafa by telephone. A consensual recording was made of this telephone conversation.

4. On April 5, 2000, the undercover USSS special agent and Mustafa had a second telephone conversation which was recorded. In the discussion the undercover agent and Mustafa spoke about the possibility of the undercover agent purchasing $4,000 - $5,000 in counterfeit United States currency from Mustafa. Additionally, the agent and Mustafa arranged to meet the following day.

5. The April 6, 2000 meeting between Mustafa and the agent did not occur because Mustafa had to take his cousin to the hospital. On April 7, 2000, however, Mustafa once again contacted the agent. This telephone conversation was recorded. During the course of this conversation, the agent and Mustafa arranged to meet at 3:30 p.m. at the Citgo gas station at the corner of Pines Boulevard and 64th Avenue, Hollywood, Florida.

6. At approximately 5:30 p.m. on April 7, 2000, at a Burger King near the Citgo gas station, the undercover agent had a telephone conversation with Mustafa in which Mustafa said that his cousin would meet the agent at 6:00 p.m. The agent then said that he thought he was dealing with Mustafa, and Mustafa responded that he and his cousin were the ones who were involved in the counterfeit sale. The agent agreed, but said that he wanted to purchase only $500, not the original $4,000. Mustafa then explained that he had already made $4,000, but he finally agreed to the sale of only $500. This conversation was tape recorded.

7. At approximately 6:00 p.m. on April 7, 2000, at the Citgo station, Emad Hasan arrived and approached the undercover agent. Hasan stated that he had $1,500 in counterfeit United States currency. The agent said that he wanted to buy only $500, to which Hasan agreed. Hasan entered the gas station restroom and returned with $500 in counterfeit United States currency. The agent exchanged $250 in legitimate United States currency for the $500 in counterfeit currency from Hasan. This exchange was recorded on audiotape.

8. From April 10, 2000, through April 13, 2000, the agent and Mustafa attempted

to contact each other to schedule an exchange of $5,000 counterfeit United States currency. Finally, on April 13, 2000, Mustafa and the agent arranged to meet on April 14, 2000, between 4:00 p.m. and 4:30 p.m.

9. On April 14, 2000, at approximately 4:50 p.m., the agent and Mustafa had another telephone conversation. The agent told Mustafa that he wanted $4,000 - $5,000 counterfeit on that day because he was going out of town. Mustafa stated that he did not have that amount but asked the agent to call him back in five minutes. This telephone conversation was recorded.

10. At approximately 5:07 p.m. on April 14, 2000, the agent called Mustafa back. Mustafa explained that he could get the agent $1,500 - $2,000 counterfeit, but it would take until 7:00 p.m. The agent and Mustafa then arranged a meeting for 7:30 p.m. that night.

11. At approximately 7:35 p.m., the agent arrived at a Winn Dixie located at the corner of Cleary Road and Nob Hill Road. He parked his car and met Hasan in front of the Winn Dixie. As they walked towards the agent's car, Hasan explained that some of the counterfeit money was "dogshit," so he was going to provide the agent with $1,500 in counterfeit United States currency for a discount. While Hasan and the agent approached the agent's car, Mustafa pulled up in his vehicle. Hasan and the agent went to the trunk of the agent's car to make the exchange, and the agent gave the arrest signal.

12. Mustafa and Hasan were arrested and read their Miranda rights. They waived them and acknowledged that they were trafficking in counterfeit United States currency. Additionally, they stated that they had received the counterfeit currency from Davis Bethel

and provided an address for him of 11790 S.W. 2nd Street, Plantation, Florida.

13. USSS went to the house where Bethel lived, which was owned by Bethel's parents. Bethel's mother consented to a search of Bethel's bedroom and the computer equipment in the home. Agents found numerous vials of steroids. USSS agents then approached Bethel where he worked, identified themselves, and stated that they needed to talk to him. Bethel responded by putting his head down and saying, "I know." The agents then read Bethel his Miranda rights. Bethel waived his rights and accompanied the agents back to Bethel's house. At Bethel's house, Bethel showed the agents the copier he used to print the counterfeit money, the genuine United States currency that he used to make the counterfeit money, and the steroids. Additionally, Bethel admitted to producing the counterfeit currency Mustafa had provided to the undercover agent on April 7.

14. Your affiant submits that based on the facts there exists probable cause to believe that Omar Mustafa, Emad Hasan, and Davis Bethel knowingly and willfully conspired and agreed with each other to commit offenses against the United States, that is, to knowingly exchange, transfer, and deliver false, forged, and counterfeit obligations of the United States, with the intent that these counterfeit obligations be passed, published and used as true and genuine, in violation of Title 18, United States Code, Section 473, all

in violation of Title 18, United States Code, Section 371.

FURTHER YOUR AFFIANT SAYETH NAUGHT

_____
DAVID T. McCAIN
SPECIAL AGENT, U.S. SECRET SERVICE

Sworn and subscribed to before me
this 15th day of April, 2000.

_____
UNITED STATES MAGISTRATE JUDGE

-5-